CHARLES L. POWERS, Appellant, v. DELIA BUCKEY, Sometimes Known as Delia Powers, Respondent.

(190 N. W. 312.)

**Marriage — husband's action to annul marriage dismissed for failure to sue within a reasonable time.**

In 1879 the plaintiff was duly married to defendant and until six or seven years ago he has lived with her as his wife, and they have one son forty-one years old and a daughter thirty-nine years. Now he brings suit to annul the marriage because of a supposed impediment arising from prior marriages terminated by death or divorce. The plaintiff has wholly failed to prove any impediment. Action dismissed.

Opinion filed October 23, 1922.

Marriage, 26 Cyc. p. 909 n. 17.

Appeal from the District Court of Cass County, *Cole,* J.
Affirmed.
*Lovell & Horner,* for appellant.
*J. F. Callahan* and *Lloyd Callahan,* for respondent.

ROBINSON, J. The plaintiff brings this action to annul his marriage with defendant and appeals from a judgment against him. In January, 1879, at Moorhead, Minnesota, he was duly married to defendant. She had been twice married and believed each husband to be dead or divorced. The marriage was contracted and solemnized in good faith and without any fraud or deception. On the evidence it stands unimpeached. Until seven years ago the parties lived together as husband and wife and had two children, a son, now forty-one years old, and a daughter, thirty-nine years. The ages of the parties are sixty-seven and sixty-four. He lives in Canada, she in Cass County, North Dakota. Each is well-to-do and has a good property and neither claims any property of the other. The plaintiff sues to annul his marriage on the ground that at the time it was solemnized husbands number one and two were not either dead or divorced. There is no question, only on Buckey, or husband number two. The plaintiff examined his record and testifies that Buckey married another woman on October 23, 1879, and

Note.—On effect of delay in suing for annulment of marriage, see 9 R. C. L. 378; 3 R. C. L. Supp. 789.

died in 1916, leaving two sons and three daughters. Now the presumption is that he did not marry until some time after he obtained a divorce, and the plaintiff has wholly failed to prove that each husband was not either dead or divorced. There is no testimony that either ever .showed up or made any claim to his wife. This is no Enoch Arden case.

There is a time for all things under the sun, a time to speak and a time to keep silent. The time for plaintiff to speak or to bring this action, if any cause existed, was forty years ago before the conception of his son and his daughter. Now is the time to keep silent. Suits to annul a marriage, like other equity suits, must be brought within a reasonable time; a suit in equity must appeal to equity and good conscience.

Counsel cites authority to show that if there was any defect in the ceremonial marriage there was a good common-law marriage—and that is true. The rule is that a common-law marriage—a contract of marriage de præsenti and followed by cohabitation—is everywhere good unless the statute declares it to be void. Prior to chap. 91, Laws 1890, a common-law marriage was expressly recognized in this state. Schumacher v. Great Northern R. Co. 23 N. D. 231, 136 N. W. 85. For more than five years prior to the statute the parties were living together as husband and wife under a contract of marriage de præsenti when there was no claim of any impediment to the marriage. Hence it may be said they were doubly married. Furthermore it must be confessed that the suit is based on a stale, a very stale, claim and it makes no appeal to equity. We do not overlook the statute on the annulment of marriages, but it has no application to this case.

Judgment affirmed and action dismissed.

BIRDZELL, Ch. J., and CHRISTIANSON and GRACE, JJ., concur.

BRONSON, J. (specially concurring). I concur in an affirmance of the judgment. The record discloses:—Defendant was married to Sander Lien on August 16th, 1873; to William Buckey on January 25th, 1878; to the plaintiff on January 15th, 1879. The defendant when she married Lien was only fifteen years of age. She testifies that no cohabitation with him occurred. Lien married again on September 13th,

1879. Buckey likewise remarried on October 20th, 1879. Buckey died about 1906. For nearly thirty years after their marriage, plaintiff and defendant resided and cohabited together in Cass county, North Dakota. There they begot and raised two children, now mature. Since 1908 or 1909 the plaintiff has lived in Alberta, Canada, but there the defendant frequently visited him. Plaintiff returned and visited her. For thirty-seven years after their marriage they cohabited. Over forty-one years after plaintiff's marriage to defendant, he instituted this action for annulment. About one year and five months elapsed from the time of the rendition of judgment in this action denying plaintiff's demand and the time of filing the record on appeal in this court. Many of the facts are now buried in the mists of the past. Only after persistent investigation was the plaintiff able to ascertain and establish the facts above stated. Whether Lien and Buckey were each divorced before their remarriage is a matter of conjecture upon this record. It certainly is not clearly established that they were not divorced from the defendant when each of them remarried.

Now, when the winter of life is fast approaching for both of the parties, the plaintiff demands annulment upon technical grounds. The defendant has been anxious to continue their married life. She attempted reconcilement at different times. Plaintiff has demanded freedom, one way or the other. Forsooth, it does not appear that it is for financial reasons because both of the parties have accumulated property in their own name that appears sufficient. Again, it does not appear that this demand is made for any family reasons. Rather does it appear that the defendant has been true and faithful, and their children, worthy. Thus after years of knowledge concerning the circumstances, does he now demand that this marriage recognized, by him and the defendant, and, by the community and state, too, throughout these years, be annulled and the lifetime status wrecked, not only for him and defendant but for their children and grandchildren. Too evident it is that his demand is stale and makes no appeal to equity. Justice is the soul of the law and always does equity try to recognize justice and give to it the sanction of law. The laches of plaintiff speaks loud throughout the record. His demand is unconscionable. His acquiescence may be plainly inferred. His proof is not clearly established. 26 Cyc. 909. Properly the trial court denied his demand.